# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| VINCENT N. MICONE, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR[1] | ) ) ) ) |
| Appellee | ) ) |
| v. | ) Case No. 24-2565 |
| WICARE HOME CARE AGENCY, LLC, LUIS D. HERNANDEZ | ) ) ) |
| Appellants. | ) ) |

**ACTING SECRETARY OF LABOR'S OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE IN SUPPORT OF DEFENDANTS-APPELLANTS OUT OF TIME**

Pursuant to Federal Rule of Appellate Procedure 27(a)(3), the Acting Secretary of Labor ("Secretary") opposes the motion of Intra-National Home Care, LLC and Americare Home Healthcare Services, LLC (collectively "Movants") for leave to file an untimely brief of amici curiae in support of Appellants in the above-captioned case. In support of this motion, the Secretary states the following:

---

[1] Vincent N. Micone, III became Acting Secretary of Labor on January 20, 2025 and has been substituted as the Plaintiff/Appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

1

1. WiCare Home Care Agency, LLC and Luis D. Hernandez (collectively "WiCare") filed their Opening Brief in this case on November 4, 2024, pursuant to this Court's September 23, 2024 Order.

2. Pursuant to Federal Rule of Appellate Procedure 29(a)(6), "[a]n amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed." Any amicus brief in support of WiCare and accompanying motion was due no later than November 12, 2024.[2]

3. On February 7, 2025, nearly three months after any amicus would have been due and after the briefing schedule this Court set for this case had concluded, Movants filed a motion seeking permission to file an amicus brief in support of WiCare out of time. Although this Circuit generally "grants motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted," *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002), an untimely filing is one of the reasons this Circuit and others may deny a motion for leave to file an amicus brief. *Id.* ("[M]ost courts of appeals freely grant leave to file, <u>provided the brief is timely</u> and well-reasoned." (emphasis added)); *see also*, *e.g.*, *ThermoLife Int'l, LLC v. Am. Fitness*

---

[2] Seven days after WiCare's principal brief was filed was Monday, November 11, 2024, a federal holiday. *See* Fed. R. App. P. 26(a)(1)(C).

*Wholesalers, L.L.C.*, 831 F. App'x 325, 325 (9th Cir. 2020) (denying motion for leave to file an amicus brief "because it is untimely by almost three months and offers no explanation as to why the court should excuse the late filing"); *United States v. Hendrickson*, No. 07-1510, 2008 WL 11515005, at *3 (6th Cir. June 11, 2008) (denying motion for leave to file amicus brief "because the motion is untimely").[3]

Here, Movants' motion is not just somewhat untimely, such as a week or two after such a motion would have been due, but instead is nearly three months late and comes after all briefing in this case was due to the Court. Granting Movants' motion for leave to file an amicus brief out of time would unjustifiably delay resolution of this case, forcing the 181 home care workers WiCare employed, who have already been waiting over six years for the wages to which

---

[3] The cases Movants cite in an attempt to show this Court's willingness to permit untimely amicus briefs are inapposite. In *Comisión Ejecutiva Hidroelectrica del Rio Lempa v. Nejapa Power Co. LLC*, 341 F. App'x 821 (3d Cir. 2009), this Court granted a motion to file an amicus brief out of time where the amicus brief presented the manuscript of an article that had just been published at the time of filing. *See* Case No. 08-3518, Doc No. 00319431225 at 2 (April 17, 2009) (Motion for Leave to File Amicus Brief Out of Time). And in *Insulators & Asbestos Workers v. United Contractors Ass'n, Inc. of Pittsburgh, Pa.*, 494 F. 2d 1353 (3d Cir. 1974), neither party in the case objected to the movants' request to file for leave to file an amicus brief such that under Federal Rule of Appellate Procedure 29(a)(2), no leave of the court was necessary. Neither case is applicable here, where Movants filed an opposed motion for leave to file an amicus brief without providing an adequate explanation for their nearly three-month delay.

3

they are entitled, to wait even longer for the over $1 million in back wages and liquidated damages they are collectively owed. Moreover, Movants fail to provide an adequate rationale for their untimely filing.

Movants assert that their motion is filed nearly three months late "because this appeal did not come to Movants' attention until after the Secretary of Labor's brief had been filed" on January 15, 2025. Movants' Mot. at 4. But this claim of ignorance is neither reasonable nor credible. Movants are parties, represented by the same counsel, in several ongoing cases, including within this Circuit, against the Department that address the applicability of the Fair Labor Standards Act's ("FLSA") minimum wage and overtime pay requirements to home care workers, i.e., the same requirements at issue in this case. After the Department began investigating Movants for FLSA compliance, Movants sued the Department in a district court in this Circuit challenging, inter alia, the regulatory provision at issue in this case. *See* Complaint, *Intra-National Home Care, LLC et al. v. U.S. Dep't of Labor*, No. 2:20-cv-1545-WSH (W.D. Pa. Oct. 9, 2020), ECF No. 1. The Department later filed suit against Intra-National in a district court in this Circuit, *see* Complaint, *Micone v. Intra-National Home Care, LLC, et al.*, No. 2:21-cv-01391-AJS (W.D. Pa. Oct. 15, 2021), ECF No. 1, and against Americare in a district court outside of this Circuit for violations of the FLSA's overtime pay requirements, *see* Complaint, *Micone v. Americare Health Services, LLC, et al.*,

No. 2:21-cv-05076-EAS-KAJ (S.D. Ohio Oct. 19, 2021), ECF No. 1. Briefing in all three cases has been ongoing for several years, including an appeal to this Court in the case in which Movants sued the Department. *See Intra-National Home Care, LLC v. U.S. Dep't of Labor*, 2024 WL 4100245 (3d Cir. Sept. 6, 2024). Given Movants' longstanding and continued participation in litigation addressing FLSA requirements as relevant to home care workers, their assertion that they were previously unaware of this case is surprising.

Movants' asserted ignorance of this case until after the Acting Secretary filed the Department's response brief on January 15 is especially perplexing because as early as November 2024, filings and decisions in Movants' cases have referenced this case. *See* Acting Secretary's Opposition to Defendants' Motion to Stay Briefing Pending Resolution of the Motion to Show Cause Order, *Micone v. Intra-National Home Care, LLC*, No. 2:21-cv-1391, at 6 (W.D. Pa. Nov. 20, 2024), ECF No. 165 (citing *Su v. WiCare Home Care Agency*, No. 1:22-cv-00224, 2024 WL 3598826 (M.D. Pa. July 31, 2024), the district court decision in this case); Acting Secretary's Response to Plaintiffs' Brief Regarding the Court's Order to Show Cause, *Intra-National Home Care, LLC v. U.S. Dep't of Labor*, Nos. 2:20-cv-01545-WSH, 2:20-cv-01773-WSH at 5, n.1 (W.D. Pa. Dec. 18, 2024), ECF No. 83 (discussing this appeal explicitly); *Dep't of Labor v. Americare Healthcare Servs., LLC*, No. 2:21-cv-5076, 2025 WL 71671, at *9, 14 (S.D. Ohio Jan. 9, 2025)

5

(order granting summary judgment to the Department, citing the district court decision in this case). These filings directly informed Movants of the existence of this case. Indeed, the government's December 18, 2024 filing in Movants' own case against the Department explicitly referred to this appeal in discussing reasons to dismiss that case. Thus, Movants had notice of this matter well before the Acting Secretary's response brief was filed on January 15, 2025.

Even before Movants were directly notified of this case, Movants could easily have discovered it through simple legal research conducted in the course of litigating their own cases. The district court decision in this case has been publicly available since issued on July 31, 2024; and a notice of appeal was filed on the district court's docket on August 22, 2024; and this Court entered a scheduling order on September 23, 2004. The district court decision contains numerous terms (such as "home care," "29 C.F.R. 552.109," "third party employer," and others) that would have made a search revealing the overlap of issues in this case and Movants' cases quite straightforward.[4]

---

[4] Between October 1, 2024 and November 5, 2024, Americare filed a motion for partial summary judgment, an opposition to the Department's motion for partial summary judgment, and a reply in support of their motion for partial summary judgment in the Department's enforcement case before the Southern District of Ohio alleging Americare violated the FLSA when it failed to pay the home care workers it employs the overtime they were owed. *See Americare Healthcare Servs.*, No. 2:21-cv-5076 (S.D. Ohio), ECF Nos. 113-2 (Oct. 1, 2024), 115 (Oct. 22, 2024), 116 (Nov. 11, 2024). In drafting those three filings, Americare and its

6

This Court should not permit those seeking to file amicus briefs to file significantly out of time for no reason other than their questionable claims of prior ignorance of the case. Given that Movants were or plainly should have been aware of this litigation, they could have filed a motion for leave to file a timely amicus brief, or at least file prior to the conclusion of the Court's briefing schedule.

4. Movants' motion should also be denied on relevance grounds. Movants argue that their potential amicus brief "is desirable" in part because it will argue that the Department's regulation at 29 C.F.R. § 552.109(c) concerning the live-in domestic worker exemption, 29 U.S.C. § 213(b)(21), is invalid. Movants' Mot. at 3. The validity of the 29 C.F.R. § 552.109(c), however, is not one of the issues presented in this appeal, which does not involve live-in home care workers. *See* Appellants' Opening Br. at 3; Appellee's Response Br. at 2-3. Thus, the primary issue that Movants claim justifies their amicus participation is not relevant to the disposition of the case. *See* Fed. R. App. P. 29(a)(3) (requiring movant to show "why the matters asserted are relevant to the disposition of the case"); *see also Neonatology Assocs.*, 293 F.3d at 131 ("Although the Rule does not say expressly that a motion for leave to file should be denied if the movant does not meet the requirements of (a) an adequate interest, (b) desirability, and (c) relevance, this is

---

counsel had ample opportunity to learn of this case when performing legal research to draft their filings.

implicit."). Indeed, a Third Circuit decision to which Movants point in support of their motion granted a motion for leave to file a brief as amicus where amici were "primarily interested in making sure that our court does not inadvertently stray into issues that need not be decided in this case." *Neonatology Assocs.*, 293 F.3d at 133-34.

5. Movants also contend, without support, that the Defendants-Appellants are "inadequately represented" by their counsel, "because they are a small concern with a limited or no ability to pay for attorney hours." Movants' Mot. at 3. The basis upon which Movants rely to make this assertion is unclear, but the Defendants-Appellants have a multi-million-dollar enterprise (WiCare's Annual Dollar Value in 2020 was over $4 million), *see* A.149, and are represented by a large law firm with multiple offices throughout the region, *see* Margolis Edelstein, https://www.margolisedelstein.com/. At the heart of Movants' untimely motion seems to be a desire to have another opportunity to challenge the application of FLSA requirements to home care workers separate from the various lawsuits in which they are already involved. That does not justify a motion to seek leave to participate as amicus nearly three months out of time.

For all of these reasons, the Department opposes this motion for leave to file an amicus brief in this case.

Dated: February 11, 2025

Respectfully submitted,

| | |
|---|---|
| VINCENT N. MICONE, III<br>Acting Secretary of Labor | MELISSA ANN MURPHY<br>Senior Attorney |
| EMILY H. SU<br>Deputy Solicitor of National Operations<br>Performing the duties of the Solicitor | /s/ Amelia B. Bryson<br>AMELIA B. BRYSON<br>Senior Attorney |
| JENNIFER S. BRAND<br>Associate Solicitor<br>Fair Labor Standards Division | U.S. Department of Labor<br>Office of the Solicitor<br>200 Constitution Ave, NW,<br>Room N-2716 |
| RACHEL GOLDBERG<br>Counsel for Appellate Litigation<br>Fair Labor Standards Division | Washington, D.C. 20210<br>(202) 693-5336<br>bryson.amelia.b@dol.gov |

# CERTIFICATE OF COMPLIANCE

1. The undersigned certifies that this Opposition to Motion for Leave to File Brief of Amici Curiae in Support of Defendants-Appellants Out of Time complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because the Motion contains 1,896 words, excluding the parts of the Motion exempted by Fed. R. App. P. 27(d)(2) and Fed. R. App. P. 32(f).

2. The undersigned certifies that this Motion complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E) because it was prepared in proportionally spaced typeface using Microsoft Word for Office 365 in Times New Roman, 14-point font style.

Dated: February 11, 2025

Respectfully submitted,

s/Amelia B. Bryson
AMELIA B. BRYSON
Senior Attorney
U.S. Department of Labor
Office of the Solicitor
200 Constitution Ave., NW,
Room N-27l6
Washington, D.C. 20210
(202) 693-5336

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 11, 2024, the foregoing Motion of the Acting Secretary of Labor was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system, and that service on counsel of record will be accomplished by this system.

    Respectfully submitted,

    <u>s/Amelia B. Bryson</u>
    AMELIA B. BRYSON
    Senior Attorney
    U.S. Department of Labor
    Office of the Solicitor
    200 Constitution Ave., NW,
    Room N-27l6
    Washington, D.C. 20210
    (202) 693-5336